(35 Misc. Rep. 375.)

## KETCHAM v. GOVIN.

(City Court of New York, General Term. June, 1901.)

1. NEGOTIABLE CHECK—BONA FIDE HOLDER.

The holder of a negotiable check, acquired by him for value and before maturity, can recover thereon, though it was obtained by fraud, where there is no proof of actual notice of the defect in title, or bad faith on his part.

2. SAME—NOTICE.

One acquiring, a negotiable check for value before maturity is not bound at his peril to be on watch for facts which might put a very cautious man on inquiry.

Action by John B. Ketcham against Rafael R. Govin. Pending the action plaintiff died, and Elizabeth W. Ketcham, his administratrix, was substituted as plaintiff. It was stipulated that a check for $2,000 referred to in the opinion was a forgery. Verdict for $635.20 in favor of plaintiff, subject to the opinion at general term. Motion by plaintiff for judgment granted.

Argued before CONLAN and O'DWYER, JJ.

James B. Butler, for plaintiff.
John C. Tomlinson, for defendant.

CONLAN, J. The action was brought to recover the unpaid balance on a check for $704 drawn by the defendant to the order of one Felipe Carrion, and indorsed by him and delivered to the plaintiff's intestate. The answer admits the making and delivery of the check, and that payment of the check was stopped, and alleges that Carrion procured the check from defendant by fraud. The check in question arose out of the following transaction: One Alfredo Govin was indebted to the defendant in the sum of $1,300. Carrion, claiming to represent Alfredo Govin, tendered to the defendant a check of $2,000 in payment, and received back the check of the defendant for $704, the difference. The check for $704 was delivered to the plaintiff's intestate, who returned his check for $618.50, leaving $85.50, which was the amount for which Carrion and Alfredo Govin were indebted to Ketcham, and this latter amount Ketcham retained. Carrion and Alfredo Govin, the latter a relative of the defendant, were partners. This transaction forms the substance of a separate defense in the answer of the defendant, and it was stipulated upon the trial that the facts as alleged were true. The defendant offered no evidence, and submits no brief on the argument before us. The check in question was taken by Ketcham in absolute payment, and the person who delivered the same received full value for the difference between the amount of the check and the amount of the debt owing to Ketcham, and the right of a holder of wrongfully diverted negotiable paper, acquired by him for value before due, cannot be defeated without proof of actual notice of the defect in title, or bad faith on his part, evidenced by circumstances. Laws 1897, c. 612, §§ 91, 95, 96; Cheever v. Railroad Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69; Cowing v. Altman, 71 N. Y. 435, 27 Am. Rep. 70. Nor is the purchaser of negotiable paper for value and before maturity bound at his peril to be on the watch for facts which might put a very cautious man on his guard. Bank v. Weston, 161 N. Y. 521, 55 N. E. 1080. It follows, therefore, that there must be a judgment for the plaintiff, with costs, as directed at the trial term, and with costs of this appeal.

Motion granted, with costs.

O'DWYER, J., concurs.